GEORGE R. FISKE *vs.* JOHN B. VAUGHN.

APRIL 23, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Prerogative Writs. Review by Appeal, not by Exceptions.*

Exceptions will not lie to the denial by the Superior Court of a petition for writ of *mandamus*, but the case should be brought before the Supreme Court for review by appeal under C. P. A., § 328, providing that "any party aggrieved by a final judgment in any proceeding in or in the nature of, a prerogative writ, except *habeas corpus*, may, within five days after entry of such judgment, appeal to the supreme court."

MANDAMUS. Heard on respondent's motion to dismiss petitioner's bill of exceptions, and granted.

BLODGETT, J. This is a petition for a writ of *mandamus* against the respondent, a former town clerk of West Greenwich, to require the respondent to record in the proper record book of said town the proceedings of a financial town meeting of said town, alleged to have been held on December 22, 1906.

The petition was denied by the Superior Court, and the petitioners excepted to such denial and have brought their exceptions to this court, where the respondent has moved to dismiss the bill of exceptions on the ground that the petitioner's remedy is by appeal and not by bill of exceptions, and relies upon the provisions of C. P. A., § 328, as follows: "Any party aggrieved by a final decree of the superior court in any cause in equity or proceeding following the course of equity may, within thirty days after the entry thereof, and any party aggrieved by a final judgment in any proceeding in, or in the nature of, a prerogative writ, except *habeas corpus*, may, within five days after entry of such judgment, appeal to the supreme court." . . .

We are of the opinion that the motion to dismiss must be granted. The section in question is a special provision governing "any proceeding in, or in the nature of, a prerogative writ, except *habeas corpus*," as well as equity causes or proceedings

30

following the course of equity, and it is no more permissible to prefer a bill of exceptions in one of these classes of cases than in another. In each of them an appeal is the statutory method of bringing such case before this court for review.

It follows that the case is not properly before this court, and that the motion to dismiss the bill of exceptions must be granted.

*Samuel W. K. Allen,* for petitioner.

*P. Henry Quinn,* for respondent.